IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MONICA RAE MENDOZA,                              Case No. 3:25-cv-01432-SB

           Plaintiff,                      **OPINION AND ORDER**

      v.

REYNOLDS SCHOOL DISTRICT,

          Defendant.

_____

**BECKERMAN, U.S. Magistrate Judge.**

      Plaintiff Monica Mendoza ("Mendoza"), a self-represented litigant, originally filed this 42 U.S.C. § 1983 ("Section 1983") action against Defendant Reynolds School District ("Defendant" or the "district") in Multnomah County Circuit Court. Mendoza asserts various federal and state law claims, all of which concern her son's education, delayed graduation from high school, and inability to participate in a paid apprenticeship program. Mendoza appears to assert claims only on her son's behalf and in a representative capacity.

      Defendant timely removed Mendoza's lawsuit to federal court and now moves under Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 17(a) to dismiss Mendoza's complaint for failure to state a plausible claim for relief or join the real party in interest. Defendant also

PAGE 1 – OPINION AND ORDER

moves to dismiss Mendoza's complaint on the ground that 28 U.S.C. § 1654 ("Section 1654")
applies and prevents Mendoza from proceeding with federal civil rights and state tort claims in a
representative capacity.

The Court has jurisdiction over this matter under 28 U.S.C. § 1331 ("Section 1331"), and
the parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). For
the reasons explained below, the Court grants Defendant's motion and dismisses Mendoza's
complaint without prejudice.

## BACKGROUND

On July 2, 2025, Mendoza filed this lawsuit against Defendant in Multnomah County
Circuit Court. (*See* Notice Removal ¶ 3 & Ex. 1 at 1-4, ECF No. 1, affixing the state court's date
and time stamp and attaching Mendoza's preprinted form complaint and handwritten allegations
and accompanying "summary of claim[s]," both of which are two-page documents dated July 2,
2025). Mendoza served Defendant with copies of the summons and complaint on July 14, 2025.
(*See id.* ¶¶ 4, 7 & Ex. 2 at 1-2, attaching a certificate of personal service at Defendant's office on
this date).

In addition to Section 1983 and the Due Process Clause of the Fourteenth Amendment,
Mendoza invoked Section 1331[1] and noted that she was "prepared to escalate th[e] case through
formal legal channels, including a federal civil rights complaint[.]" (Compl. at 1-2, 4, ECF No.
1-1.) Mendoza also alleged that she sued Defendant for "civil rights violations, educational
neglect, and damages caused to [her] son," including the "emotional distress" and "financial
loss" he suffered when Defendant "delayed [his] graduation" and effectively prevented him from

---

[1] Section 1331 "grant[s] federal courts jurisdiction over . . . cases that 'aris[e] under'
federal law[.]" *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (quoting 28 U.S.C.
§ 1331).

participating in a paid apprenticeship program and "deni[ed] [him] fair and equal access to education in accordance with both state and federal protections." (*See id.* at 3, describing the "[m]ost devastating[]" aspect as Mendoza's son's loss of income "with full benefits"). Mendoza further alleged claims against Defendant for negligence and intentional infliction of emotional distress ("IIED"). (*Id.* at 1.)

On August 13, 2025, Defendant timely removed Mendoza's lawsuit to federal court.[2] (*Id.* ¶ 7.) After attempting to resolve this dispute with Mendoza in accordance with this district's local rules, Defendant filed its pending motion to dismiss on August 20, 2025. (*See* Def.'s Mot. Dismiss ("Def.'s Mot.") at 1-6, ECF No. 3, certifying Defendant's compliance with LR 7-1(a)(1)).

On September 2, 2025, the Court docketed a Notice of Implied Consent to a U.S. Magistrate Judge's Jurisdiction and Declination of Consent Form. (ECF No. 4.) The Court advised that "[p]arties who [did] not return the form by the deadline will be deemed to have knowingly and voluntarily consented to proceed before a U.S. Magistrate Judge," and that "Declination of Consent [Forms] . . . , if any, [must] . . . be filed by [October 2, 2025]." (ECF No. 4.)

The next day, September 3, 2025, Mendoza's response deadline passed without explanation or any formal (or informal) request to grant her an extension of time in which to respond or amend her complaint. (*See* Def.'s Mot. at 6, certifying service via electronic mailing and "U.S. regular mail, first class postage prepaid"); *see also* LR 7-1(e)(1) (providing that a

---

[2] There is a "thirty-day deadline to remove a case to federal court." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021) (citing 28 U.S.C. § 1446(b)). In many cases, "the basis for removal is clear from [a plaintiff's] complaint (or other initial pleading), and so the thirty days begin to run from the date a defendant receives the initial pleading." *Id.* (citing 28 U.S.C. § 1446(b)(1)).

nonmoving "party must file and serve any response within [fourteen] days after service of the motion").

The following week, on September 11, 2025, the Court issued an Order in which it observed that Mendoza failed to respond to Defendant's motion to dismiss before or after her September 3, 2025 deadline, and sua sponte extended Mendoza's deadline to respond or file an amended complaint to October 2, 2025. (ECF No. 5.) Additionally, the Court directed the clerk to mail Mendoza a copy of the District of Oregon's Handbook for Self-Represented Parties and warned that if Mendoza "fail[ed] to file a response to Defendant's motion [to dismiss] or file an amended complaint, the Court may dismiss this action without prejudice for failure to prosecute." (*Id.*)

To date, Mendoza has not responded to Defendant's motion, requested an extension of time, or complied with the Court's Order. She has therefore failed diligently to prosecute her case for over a month.

## DISCUSSION

The Court finds that Section 1654 and the Ninth Circuit's "counsel mandate" support dismissing Mendoza's complaint. (*See* Def.'s Mot. at 2, seeking dismissal based in part on Section 1654). The Court also concludes that the Rule 41(b) factors weigh in favor of dismissal. The Court therefore grants Defendant's motion and dismisses Mendoza's complaint without prejudice.

## I.    SELF-REPRESENTATION

### A.    Applicable Law

Section 1654 is known as the "general *pro se* provision[.]" *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007). The provision codifies the "right to proceed *pro se*" in "all federal courts of the United States." *Grizzell v. San Elijo Elementary Sch.*, 110

F.4th 1177, 1179 (9th Cir. 2024) (first citing 28 U.S.C. § 1654; and then citing *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)), *cert. denied*, 145 S. Ct. 2701 (2025); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("The general rule establishing the right of an individual to represent oneself in all federal courts of the United States is contained in [Section] 1654."); *Stoner*, 502 F.3d at 1126 ("[Section] 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally[.]'" (quoting 28 U.S.C. § 1654)).

    "Section 1654 is intended to provide . . . equal access to [federal] courts by permitting individuals to represent themselves." *Simon*, 546 F.3d at 664. It is well settled, however, that "the privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities." *Id.* (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)); *see also Stoner*, 502 F.3d at 1126 (noting that Section 1654 "allows [an individual] to prosecute his own actions *in propria persona*, [but] that right is personal to him, and absent some other statutory authorization, [he] has no authority to prosecute an action in federal court on behalf of others than himself"). "Consequently, in an action brought by a *pro se* litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" *Simon*, 546 F.3d at 664 (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

    Most federal circuits, including the Ninth Circuit, have also "adopted" a "general" and "long-established rule, dubbed the 'counsel mandate.'" *Grizzell*, 110 F.4th at 1178-79 & n.2 (collecting cases). The Ninth Circuit first "recognized" the "counsel mandate" over three decades ago in *Johns*, and thus also refers to this mandate as the "*Johns* rule." *Id.* at 1179. In *Johns*, the Ninth Circuit "held that 'a non-attorney parent must be represented by counsel in bringing an

action on behalf of his or her child.'" *Id.* at 1178 (quoting *Johns*, 114 F.3d at 876). The Ninth Circuit "reasoned that the right to proceed pro se . . . does not create a 'true choice for minors who under state law . . . cannot determine their own legal actions.'" *Id.* (quoting *Johns*, 114 F.3d at 876). The Ninth Circuit also noted that "it is not in the interests of minors or incompetents that they be represented by non-attorneys." *Id.* (quoting *Johns*, 114 F.3d at 876). Further, the Ninth Circuit "opined that this rule necessarily followed from the more general rule that 'a non-lawyer has no authority to appear as an attorney for others than himself.'" *Id.* (quoting *Johns*, 114 F.3d at 876).

Some circuits have "relaxed" the counsel mandate in "certain contexts" like "appeals from the denial of social security (SSI) benefits" and "acknowledged concerns about the potentially harmful effect of [its] unyielding application . . . on children's access to justice." *Id.* at 1179-80. *Johns*, however, remains controlling precedent in this circuit. *See id.* at 1180-81 (noting that absent "clearly irreconcilable intervening precedent of a higher authority, the three-judge panel was "bound by the rule set forth in *Johns*" and the plaintiff's "only path to relief in her case [was] en banc review" (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc))).

### B.     Analysis

To the extent that Mendoza brings some (or all) of her claims in a representative capacity, Section 1654 and the counsel mandate do not permit her to do so. The Court therefore dismisses Mendoza's claims on this ground.

The Ninth Circuit recently addressed a comparable situation in *Reed ex rel. M.R. v. Eugene School District 4j*, No. 24-789, 2025 WL 1779779, at *1 (9th Cir. June 27, 2025). In that case, the plaintiff "appeal[ed] pro se from the district court's judgment dismissing sua sponte his action brought on behalf of his minor child alleging various federal and state law claims." *Id.*

The Ninth Circuit affirmed and explained that the "district court properly dismissed [the plaintiff's] action because 'a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.'" *Id.* (quoting *Johns*, 114 F.3d at 877). The Ninth Circuit also noted that in a recent published decision, it "reject[ed] statutory, constitutional, and policy challenges to the rule prohibiting parents from representing their children pro se[.]" *Id.* (citing *Grizzell*, 110 F.4th at 1179).

Consistent with these authorities, the Court concludes that it must dismiss Mendoza's complaint to the extent that she asserts claims on her son's behalf and without legal representation. Therefore, the Court grants Defendant's motion to dismiss Mendoza's complaint without prejudice. *See Gunter v. N. Wasco Cnty. Sch. Dist. Bd. of Educ.*, 577 F. Supp. 3d 1141, 1151-52 (D. Or. 2021) ("[The plaintiffs] are non-attorneys and are not represented by attorneys. Like the plaintiff in *Johns*, [the plaintiffs] may not vicariously bring claims on behalf of their children without representation by counsel. . . . [The defendants] request that the [c]ourt dismiss all claims with prejudice. The [c]ourt declines to do so and instead dismisses the claims brought on behalf of the minor children without prejudice.") (simplified); *see also Graham v. Portland Pub. Sch. Dist. #1J*, No. 3:13-cv-00911-AC, 2015 WL 1010534, at *7 (D. Or. Mar. 5, 2015) ("[The self-represented plaintiff and parent] fails to identify which of her 'rights, privileges, or immunities' the [d]efendants infringed. . . . [A district court's] liberal interpretation of a [self-represented plaintiff's] complaint may not supply essential elements of a claim that were not pleaded. . . . Thus, [the plaintiff's Section] 1983 claims should be dismissed, However, [the] [d]efendants have not demonstrated that [the plaintiff's Section] 1983 claims are foreclosed as a matter of law, so [the plaintiff's] claims should be dismissed without prejudice.") (citation omitted).

## II.     REMAINING CONSIDERATIONS

Rule 41(b)'s factors also weigh in favor of dismissing Mendoza's complaint without prejudice.

### A.     Applicable Law

"District courts have authority pursuant to Rule 41(b) to dismiss a case for failure to prosecute or failure to comply with a court order." *Engineer.ai Corp. v. Appy Pie LLC*, No. 24-109, 2024 WL 4490864, at *1 (9th Cir. Oct. 15, 2024) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962)); *see also Heldreth v. Bondi*, No. 24-4128, 2025 WL 2709506, at *1 (9th Cir. Sept. 23, 2025) (recognizing as much (first citing FED. R. CIV. P. 41(b); and then citing *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005))); *Dietz v. Bouldin*, 579 U.S. 40, 48 (2016) ("Rule 41(b)'s allowance for a party to move to dismiss for failure to prosecute did not implicitly abrogate the court's power to dismiss sua sponte[.]" (citing *Link*, 370 U.S. at 630)).

Before exercising such authority, "[a] district court should weigh five factors . . . '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Engineer.ai Corp.*, 2024 WL 4490864, at *1 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (same). The Ninth Circuit "may affirm a district court's dismissal where at least four of these five factors weigh in favor of dismissal, or at least three factors strongly weigh in favor of dismissal." *Le v. McRae*, No. 22-55419, 2023 WL 166430, at *1 (9th Cir. Jan. 12, 2023) (citing *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2006)).

///

B.      **Analysis**

The Court finds that on balance, the factors above weigh in favor of dismissing Mendoza's complaint without prejudice for failure to prosecute and comply with the Court's Order. (*See* ECF No. 5.)

The district court's decision in *Hilgardner v. Oregon State Correctional Institution*, No. 6:23-cv-1105-AB, 2024 WL 5112104, at *1-3 (D. Or. Dec. 13, 2024), is instructive. In that case, the defendants filed a partial motion to dismiss under Rule 12(b)(6), arguing that the Eleventh Amendment barred the self-represented plaintiff's claims against the defendant correctional institution. *Id.* at *1. After the plaintiff failed to respond to the defendants' motion, the district court, which had previously dismissed some (but not all) of the plaintiff's claims for failing to respond to a court order, issued an order directing the plaintiff to "either file a response [to the defendants' motion] or to show cause why he had not done so." *Id.* at *1 & n.1. The district court also "warned [the] [p]laintiff that failure to respond to the [o]rder could result in dismissal of [the] action without prejudice." *Id.* The plaintiff once again failed to respond to the district court's order. *Id.*

Shortly thereafter, the district court dismissed the plaintiff's claims against the defendant correctional institution on the ground of Eleventh Amendment immunity and sua sponte dismissed the plaintiff's remaining claims without prejudice pursuant to Rule 41(b). *Id.* at *2-3. As a relevant here, the district court held that the Rule 41(b) factors weighed in favor of such a dismissal:

> Here, four of the five factors that a district court should consider when deciding whether to dismiss an action for failing to prosecute or to follow court orders weigh in favor of dismissal. *See* [*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)]. [The plaintiff's] failure to respond to either the [c]ourt's . . . [o]rders or to the [defendants'] partial motion to dismiss thwart the public's interest in quickly resolving cases and hinder the court's ability to dispose of this case on the merits. Moreover, [the] [p]laintiff's failures to respond

suggest that he does not inten[d] to diligently litigate this action. Accordingly, the first two factors—the public's interest in expeditious litigation resolution and the [c]ourt's need to manage its docket—favor dismissal. Likewise, the third factor—risk of prejudice to defendant—weighs for dismissal. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). [The] [p]laintiff's failure to respond to either [of the court's] orders or to [the] [d]efendants' motion for the past several months constitutes unreasonable delay. *See Henderson*, 779 F.2d at 1423. The fifth [and final] factor—availability of less drastic sanctions—also supports dismissing this action. The [c]ourt cannot move this case toward disposition without [the] [p]laintiff's compliance with the [c]ourt's orders or participation in the litigation. [The] [p]laintiff has demonstrated his unwillingness or inability to do either.

Only the fourth factor—public policy favoring disposition on the merits—could weigh against dismissal. But it is [the] [p]laintiff's responsibility to move towards disposition and to avoid delay and evasive tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). [The] [p]laintiff has not satisfied this responsibility despite being warned of the consequences of his failure to do so. . . . Thus, under the circumstances here, [the] [c]ourt finds that the fourth factor is neutral.

Generally, a district court should not enter a dismissal unless [the] [p]laintiff has been "warned that dismissal [is] imminent." *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990). Here, however, the [c]ourt expressly warned [the] [p]laintiff that dismissal was a possibility if he did not respond to the [c]ourt's [o]rder. . . . Accordingly, because [the] [p]laintiff was warned about the possibility of dismissal and because most of the relevant factors weigh in favor of dismissal, the [c]ourt dismisses [the] [p]laintiff's remaining claims without prejudice.

*Id.* at *2.

Like the district court in *Hilgardner*, this Court finds that the Rule 41(b) factors weigh in favor of dismissing Mendoza's complaint without prejudice. The first factor—"the public's interest in expeditious resolution of litigation," *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260-61)—weighs strongly in favor of dismissal. *See Le*, 2023 WL 166430, at *1 (affirming the district court's sua sponte dismissal under Rule 41(b) for failure to prosecute after the plaintiff failed "timely [to] file a case statement," and holding that three of Rule 41(b)'s five "factors strongly weigh[ed] in favor of dismissal," including "[t]he public interest in expeditious

resolution of litigation[, which] always supports dismissal" (citing *Pagtalunan*, 291 F.3d at 642)).

Similarly, the second factor—"the court's need to manage its docket," *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260-61)—weighs strongly in favor of dismissal. *See Le*, 2023 WL 166430, at *1 ("The district court's need to manage its docket also [weighs strongly in] favor[] [of] dismissal, as the district court 'is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.'" (first quoting *Pagtalunan*, 291 F.3d at 642; and then citing *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006))); *see also Patrick v. Reynaga*, 812 F. App'x 596, 596-97 (9th Cir. 2020) (affirming the district court's dismissal of the self-represented plaintiff's "action after [he] failed to comply with the district court's order to respond to or oppose [the] defendants' motion to dismiss," and explaining that a district court was "not required . . . [to] make explicit findings in order to show that it ha[d] considered the[] [Rule 41(b)] factors . . . [and that the Ninth Circuit could] review the record independently to determine if the district court . . . abused its discretion" (first citing *Pagtalunan*, 291 F.3d at 642; and then quoting *Ferdik*, 963 F.2d at 1261)).

Furthermore, the third factor—"the risk of prejudice to [the] defendant," *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260-61)—weighs strongly in favor dismissal because Mendoza presents no excuse (frivolous or otherwise) for failing to respond to Defendant's motion or the Court's Order. *See Le*, 2023 WL 166430, at *1 (stating that "because [the plaintiff] did not present any non-frivolous excuse for his delay in filing the case statement, [the Ninth Circuit] presume[d] prejudice from his failure to prosecute" (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 400-01 (9th Cir. 1998))); *see also James v. County of Sacramento*, 691 F.

App'x 485, 486 (9th Cir. 2017) (affirming the district court's sua sponte dismissal of the self-represented plaintiff's action after he "failed to comply with court orders and meet deadlines") (citation omitted).

Finally, the Court finds that the fifth factor favors dismissal because the Court previously issued an Order warning Mendoz of the possibility of dismissal. *See Luna Distrib. LLC v. Stoli Grp. USA LLC*, 835 F. App'x 224, 226 (9th Cir. 2020) (observing that the fifth factor—namely, "the availability of less drastic alternatives"—"generally supports dismissal if the district court . . . warned [the] plaintiff[] beforehand of the possibility of dismissal" (first quoting *Pagtalunan*, 291 F.3d at 642; and then citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987))).

In sum, the Court finds that the relevant factors weigh in favor of dismissal, and therefore dismisses Mendoza's complaint without prejudice pursuant to Rule 41(b). *See Hilgardner*, 2024 WL 5112104, at *1-3 (weighing the Rule 41(b) factors in a similar manner and dismissing without prejudice).

## CONCLUSION

For the reasons stated, the Court GRANTS Defendant's motion to dismiss (ECF No. 3), and also exercises its sua sponte authority to dismiss Mendoza's complaint without prejudice pursuant to Rule 41(b).

**IT IS SO ORDERED.**

DATED this 7th day of October, 2025.

*Stacie F. Beckerman*
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge